UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
ESTATE OF ERNEST GOTTDIENER, ET AL.                     :
                                                        :
                                                        :
                                    Plaintiff(s),       :        13 Civ.1824  (LGS)
                       -v-                              :
FELIX SATER and SALVATORE LAURIA,                       :        CIVIL CASE
                                                        :        MANAGEMENT PLAN
                                    Defendant(s).       :        AND SCHEDULING
                                                        :        ORDER
                                                        :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

        This Civil Case Management Plan is submitted by the parties in accordance with Fed. R.
Civ. P. 26(f)(3).

1.      All parties [consent ____ / do not consent ☑ ] to conducting all further
        proceedings before a United States Magistrate Judge, including motions and trial.
        28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive
        consequences.  [If all parties consent, the remaining paragraphs need not be completed.]

2.      Settlement discussions [have ____ / have not ☑ ] taken place.

3.      The parties [have ____ / have not ☑ ] conferred pursuant to Fed. R. Civ. P. 26(f).

4.      Alternative Dispute Resolution/Settlement

        a.      Counsel for the parties have discussed an informal exchange of information in aid
                of early settlement of this case and have agreed upon the following:
                Deferred until after consultation with the Court as to the estimated time
                of disposition of motion to dismiss.
                _____

        b.      Counsel for the parties have discussed the use of the following alternate dispute
                resolution mechanisms for use in this case:  (i) a settlement conference before a
                Magistrate Judge; (ii) participation in the District's Mediation Program; and/or
                (iii) retention of a private mediator.  Counsel for the parties propose the following
                alternate dispute resolution mechanism for this case:
                See 4(a).
                _____
                _____

c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

   See 4(a).

d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.     No additional parties may be joined after _____ without leave of Court.

6.     Amended pleadings may be filed without leave of Court until _____.

7.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 21 days from the date of this Order. [Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).]

8.     Fact Discovery

a.     All fact discovery shall be completed no later than January 21, 2014. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

b.     Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by October 31, 2013.

c.     Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by October 31, 2013.

d.     Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by December 15, 2013.

e.     Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by October 31, 2013.

f.     Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.   Expert Discovery

    a.   Anticipated types of experts, if any:
        Valuation damages, if necessary.

    b.   All expert discovery shall be completed no later than March 7, 2014 .
        [Absent exceptional circumstances, a date forty-five (45) days from the date in
        paragraph 8(a) (*i.e.*, the completion of all fact discovery). Omit unless types of
        experts are identified.]

    c.   No later than 30 days prior to the date in paragraph 8(a) (*i.e.*, the completion of all
        fact discovery), the parties shall meet and confer on a schedule for expert
        disclosures, including reports, production of underlying documents and
        depositions, provided that (i) expert report(s) of the party with the burden of proof
        shall be due before those of the opposing party's expert(s); and (ii) all expert
        discovery shall be completed by the date set forth in paragraph 9(a).

10.   All counsel must confer to discuss settlement within 14 days following the close of fact
     discovery.

11.   Motions for summary judgment, if any, shall be filed no later than February 24, 2014 .
     [Absent exceptional circumstances, 30 days after discovery closes.] Pursuant to the
     authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule III.A.1, any motion
     for summary judgment will be deemed untimely unless a request for a pre-motion
     conference relating thereto is made in writing within one week after the close of
     discovery.

12.   The joint pretrial order shall be due 30 days from the close of discovery, or if any
     dispositive motion is filed, 30 days from the Court's decision on such motion. The filing
     of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P.
     26(a)(3) and the schedule set forth in the Court's Individual Rule IV.B.

13.   This case [is ☑ / is not ___ ] to be tried to a jury.

14.   Counsel for the parties have conferred and their present best estimate of the length of trial
     is 5 days .

15.   Other issues to be addressed at the Initial Pretrial Conference, including those set forth in
     Fed. R. Civ. P. 26(f)(3), are set forth below.
     (1) Whether discovery should proceed during the pendency of the motion
     to dismiss; (2) Whether the trial should be bifurcated into liability and
     damages phases; (3) The date by which impleader or amendment of
     complaint would be allowed as of right; (4) Paragraphs 5 & 6 above.

3

Counsel for the Parties:

Richard Lerner & Frederick
Oberlander

The Law Offices of Frederick M.
Oberlander P.C.

28 Sycamore Lane

Montauk, NY 11954

Nader Mobargha

Beys Stein Mobargha & Berland LLP

405 Lexington Avenue - 7th Floor

New York, NY 10174

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The next Case Management Conference is scheduled for _____ at _____. [Ordinarily 14 days after the close of discovery.]

The next joint status letter shall be submitted by _____, 20__.

SO ORDERED.

Dated: _____
New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge