USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/11/14

# LAW OFFICE OF FREDERICK M. OBERLANDER P.C.

**FREDERICK M. OBERLANDER**
ATTORNEY-AT-LAW

Fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

April 10, 2014

*E/O Gottdiener v. Sater* 13 CV 1824

Hon. Lorna G. Schofield
United States District Court, SDNY
New York, New York 10007

**REQUEST FOR 25 PAGE LIMIT FOR
MOTION FOR RELIEF PER FRCP 59**

Dear Judge Schofield:

After this court's dismissal of this action, in *Lexmark v. Static Control*, 12-973, a 9-0 Supreme Court restated the binding law of statutory standing, repudiating extra-constitutional concepts of "prudential standing" or otherwise "intuitive" reasons not to hear a case, and held:

(1) Courts have a virtually unflagging *obligation* to hear those cases for which there is Article III jurisdiction regardless of "prudential considerations";

(2) Statutory standing is *effectively* the same as Article III jurisdiction, in that Congressional creation of a constitutionally valid statutory cause of action is the creation of Article III jurisdiction and the supreme law of the land pursuant to Article VI; so courts are *obligated* to, and *may not* "prudentially" decline to, hear cases where Congress has created statutory standing.

(3) Courts are to decide whether a particular plaintiff has statutory standing by applying a two-step test according to standards of statutory interpretation:

   (a) Is the plaintiff within the zone of interests created by the statute; and

   (b) Has the plaintiff *plausibly* pleaded that he has suffered proximate harm?

The ramifications are profound, particularly here since, as the Supreme Court has held that the zone of interest in civil RICO – the class of persons it protects – is *identical* to the class of persons suffering proximate harm, *Lexmark* means that courts are *obligated* to hear *any* civil RICO case brought by *anyone* who plausibly pleads he is a member of that class, *i.e. anyone who plausibly pleads proximate harm.* And it means Congress's reduction in that class by the PSLRA's requirement of an antecedent conviction must be analyzed *strictly* pursuant to canons of statutory construction, *e.g.* plain meaning, *without regard to anything else*, especially without regard to now-repudiated "prudential" considerations. As Justice Scalia wrote, "Just as a court cannot apply its independent policy judgment to recognize a cause of action that Congress has denied, *it cannot limit a cause of action that Congress has created merely because "prudence" dictates."* [Emph. Add.]. Accordingly, we believe with utmost respect that this court's dismissal is vitiated.

As nomenclature is murky, we ask the court clarify that our forthcoming motion, due April 17, 2014 per FRCP 59, is not deemed for reconsideration as it isn't from an interlocutory order so isn't subject to a 10 page limit. Alternatively we ask for a standard **25 page** limit given the significance of this tectonic jurisprudential shift and the size of this court's order itself.

Application denied.  The submission referenced above shall be limited to 10 pages, and for purposes of the Court's Individual Rules will be deemed a motion for reconsideration.
Dated: April 11, 2014
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE