```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ESTATE OF ERNEST GOTTDIENER, et al.,                        :
                                    Plaintiffs,             :
                                                            :      13 Civ. 01824 (LGS)
                -against-                                   :
                                                            :      OPINION AND ORDER
FELIX SATER, et al.,                                        :
                                    Defendants.             :
                                                            :
----------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

On March 18, 2013, Plaintiffs commenced this civil suit against Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). On March 19, 2014, the Court issued an opinion and order granting Defendants' motion to dismiss (the "March 19 Opinion"). *Estate of Gottdiener v. Sater*, No. 13 Civ. 1824, 2014 WL 1100133 (S.D.N.Y. Mar. 19, 2014). Judgment was entered on March 21, 2014. On April 18, 2014, Plaintiffs moved for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiffs' motion is granted in part and denied in part.

**STANDARD**

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); s*ee also ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) (holding that the same standards govern motions for amendment of findings under Rule 52(b), motions to amend a judgment under Rule 59(e) and motions for

reconsideration under Local Rule 6.3).

"A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004) (quoting *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). "The motion to reconsider cannot properly advance 'new facts, issues or arguments not previously presented to the court.'" *Id.* (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

## DISCUSSION

Plaintiffs challenge the Court's determinations that (i) Defendants' convictions were not "in connection with" the alleged predicate acts of aiding and abetting securities fraud, *Gottdiener*, 2014 WL 1100133, at *7, 13; (ii) aiding and abetting securities fraud cannot serve as RICO predicate acts, *id.* at *8-10; and (iii) Plaintiffs' claims are untimely as against Defendant Lauria, *id.* at *13-14.  Plaintiffs also seek leave to file an amended complaint.  These arguments will be addressed in turn.  Familiarity with the facts and law of the case is assumed.

I.  **The Conviction Exception**

The Court held that Defendants' criminal convictions were not "in connection with" the fraud Plaintiffs alleged for purposes of § 1964(c), and therefore the fraud could not be the predicate for a RICO private right of action.  *Id.* at *7.  Plaintiffs characterize the Court's holding as an impermissible restriction on the standing of RICO plaintiffs.  That characterization,

2

however, is incorrect.  As Plaintiffs stated in their sur-reply in opposition to Defendants' motion to dismiss (the "Sur-Reply"), the Supreme Court held in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, that

> [a] violation of § 1962(c) . . . requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. . . . In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation. . . . But the statute requires no more than this.  Where the plaintiff alleges each element of the violation, the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise.

473 U.S. 479, 496-97 (1985).  Within that framework, the Court's holding that Plaintiffs failed to allege a sufficient connection between Defendants' convictions and the predicate acts goes to the "racketeering activity" element of the alleged RICO violations, not to questions of Plaintiffs' injury or standing.  The Complaint had alleged predicate acts of aiding and abetting securities fraud, and in finding those allegations legally insufficient, the Court was applying 18 U.S.C. § 1964(c), which prohibits securities fraud from being used as RICO predicate acts unless the defendant was criminally convicted "in connection with" that fraud.  *Gottdiener*, 2014 WL 1100133, at *7.  The Court's holding was simply that Defendants' convictions were not in connection with their alleged aiding and abetting of Mr. Alfred Palagonia's securities fraud, and therefore that § 1964(c) prevented such conduct from serving as predicate acts for Plaintiffs' substantive RICO claim.  *Id.*  Consequently, because Plaintiffs failed to allege an element of their RICO claim (i.e., "racketeering activity"), whether Plaintiffs sustained the requisite injury to have standing is irrelevant, and Plaintiffs' argument regarding standing is inapposite.  Put differently, although Plaintiff may have "standing" to assert a RICO violation, they cannot make out a substantive RICO claim against Defendants as a result of the operation of § 1964(c).

Plaintiffs assert that they could replead the predicate acts – based on the same facts – as primary securities fraud (i.e., not aiding and abetting), commercial bribery, mail fraud or wire fraud.  Setting aside the question of whether Plaintiffs would be able to replead these acts with the requisite particularity (especially given the deaths of Plaintiffs Gottdieners, as the Court noted in its March 19 Opinion), repleading as such would not change the fact that their substantive RICO claim would be subject to the securities fraud bar under § 1964(c) because the alleged conduct "would have been actionable as fraud in the purchase or sale of securities."  As the Court stands by its finding that the conviction exception is inapplicable to the facts as alleged, repleading as Plaintiffs propose would be futile.

## II. Aiding and Abetting Securities Fraud as Predicate Acts

The Court held that even if § 1964(c) did not bar the action, Plaintiffs have failed to plead a substantive RICO claim because aiding and abetting securities fraud cannot serve as a RICO predicate act.  *Gottdiener*, 2014 WL 1100133, at *8-10.  Plaintiffs argue that this holding also is contrary to the law of statutory standing.  For the same reasons discussed above, this argument is inapposite.  The Court's holding here went to the "racketeering activity" element of Plaintiffs' RICO claim.  Having concluded that both the RICO statute and the Supreme Court's decision in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994), preclude RICO actions predicated on aiding and abetting securities fraud, the Court found that Plaintiffs failed to allege the predicate acts necessary to sustain their RICO claim.  *Gottdiener*, 2014 WL 1100133, at *8-10.  That finding does not concern the nature of Plaintiffs' injury, and is irrelevant to the issue of standing.

Plaintiffs argue that the cases cited in the March 19 Opinion in support of this proposition concern aiding and abetting RICO rather than aiding and abetting securities fraud. While this is true with respect to one of the cases, *Department of Economic Development v. Arthur Andersen & Co. (U.S.A.)*, 924 F. Supp. 449 (S.D.N.Y. 1996) ("*DED*"), the Court specifically acknowledged and addressed this fact. *Gottdiener*, 2014 WL 1100133, at *9 n.3. The Court's holding does not turn on *DED*, nor does it cite *DED* for its specific holding on aiding and abetting RICO. Rather, as explained in the March 19 Opinion, the Court's analysis relied ultimately on a plain reading of 18 U.S.C. § 1961 and the Supreme Court's holding in *Central Bank*. *Gottdiener*, 2014 WL 1100133, at *8-10.

Plaintiffs also renew the argument from their Sur-Reply that in *Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw L.L.P.*, No. 07 Civ. 6767 (S.D.N.Y.), Judge Rakoff issued an order contradicting the Court's holding. Plaintiffs claim in the Sur-Reply that Judge Rakoff held, by affirming a report and recommendation of a special master, that "[a]iding and abetting securities fraud is *of course* valid RICO predicate for civil liability, so long as the PSLRA conviction exception applies." (Sur-Reply at 1) (emphasis in original). Plaintiffs do not provide the citation, the date or the docket number for this order, but assuming that it is the one that Judge Rakoff issued on September 28, 2010 (No. 07 Civ. 6767, Dkt. No. 184), the Court finds that Plaintiffs mischaracterized the opinion. First, contrary to Plaintiffs' representation that the case involved "a RICO complaint for aiding and abetting securities fraud," Judge Rakoff's opinion makes clear – and the complaint bears out (No. 07 Civ. 6767, Dkt. No. 93, at 54) – that the plaintiffs there brought a RICO conspiracy claim pursuant to § 1962(d), not a substantive RICO claim predicated on aiding and abetting securities fraud. (No. 07 Civ. 6767, Dkt. No. 184,

5

at 2). Additionally, to the extent that Judge Rakoff affirmed the special master's recommendation to deny the individual defendant's motion to dismiss, he did so only on the grounds that the plaintiff had sufficiently alleged scienter and continuity in pattern. (No. 07 Civ. 6767, Dkt. No. 184, at 4-7). Judge Rakoff did not consider the question that this Court faced, i.e., whether aiding and abetting securities fraud may serve as a RICO predicate act, nor did the special master do so in the two reports and recommendations that Judge Rakoff affirmed. (No. 07 Civ. 6767, Dkt. Nos. 133, 135).

### III. Statute of Limitations

Plaintiffs argue that the Court erred by placing the burden of pleading timeliness on Plaintiffs. In so arguing, Plaintiffs seem to assume that the Court had done so only because Plaintiffs "mention[ed] timeliness and . . . equitable tolling" in the Complaint, and contend that "the perceived error could be eliminated by simply eliminating the affirmative pleading of timeliness." In the March 19 Opinion, however, the Court clearly articulated its reason for placing the burden of pleading timeliness on Plaintiffs:

> Generally, the defendant carries the burden of showing that the plaintiff failed to plead timely claims, and dismissing claims on statute of limitations grounds at the complaint stage "is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). However, where the plaintiff invokes equitable tolling, "[t]he burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

*Gottdiener*, 2014 WL 1100133, at *14. Whether Plaintiffs mentioned timeliness in the Complaint or not, the Court would have found Plaintiffs' claims against Defendant Salvatore Lauria to be time barred, as Plaintiffs failed to plead facts sufficient to find fraudulent concealment necessitating equitable tolling.

6

Plaintiffs also argue that the Court erred by applying the standard for fraudulent concealment, stating that they "never made" allegations of fraudulent concealment. As a factual matter, this assertion is contradicted by Plaintiffs' argument in their response in opposition to Defendants' motion to dismiss that "while Mr. Lauria's [conviction] became final in February 2004 the limitations period was *tolled by its concealment, if not illegal and fraudulent concealment*, of his entire criminal case" (emphasis added). Indeed, that was the only sentence in Plaintiffs' opposition specifically addressing the timeliness of Plaintiffs' claims against Defendant Lauria.

Plaintiffs now belatedly seek to assert a broader equitable tolling standard, which requires only "(1) that [the plaintiff] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way . . . ." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal quotation marks omitted). This is a new theory presented for the first time on this reconsideration motion, and should not be considered. *Wechsler*, 2004 WL 2210261, at *2. Nevertheless, given the lower threshold of the standard asserted, the Court vacates its March 19 Opinion insofar as it dismissed Plaintiffs' claims against Defendant Lauria as clearly out of time.

## IV.   Failure to Plead with Particularity

Plaintiffs seek leave to file an amended complaint in order to remedy their failure to plead with particularity pursuant to Federal Rule of Civil Procedure 9(b). First, as Plaintiffs correctly note, "'[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b).'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d

Cir. 2008)) (alteration in original).  Because there are no grounds to vacate the judgment, Plaintiffs may not seek to file an amended complaint.  Additionally, the Court already considered and rejected an application to do the same in its March 19 Opinion.  For reasons previously stated, the Court will not entertain such an application again now, nor will it consider any future motions for leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is hereby GRANTED to the extent that it challenges the Court's determination on the timeliness of Plaintiffs' claims against Defendant Lauria, and otherwise DENIED in its entirety.  The Clerk is directed to close the motion at Docket No. 42.

SO ORDERED.

Dated: May 12, 2014
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE